IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DANIEL RAY GARCIA,<br>TDCJ-CID No. 101883,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF CHRISTOPHER FORBIS,<br>*et al.,*<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§    2:24-CV-00003-Z-BR<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS COMPLAINT**

Plaintiff Daniel Ray Garcia, acting *pro se* and while a prisoner incarcerated in the Randall County Detention Center, filed suit pursuant to 42 U.S.C. § 1983. (ECF 3). Plaintiff was granted permission to proceed temporarily *in forma pauperis.* (ECF 4).

On January 5, 2024, the Court issued a Notice of Deficiency, ordering Plaintiff to (1) either submit a properly completed *In Forma Pauperis* Data sheet or pay the $402 filing fee; (2) amend his Complaint by using the Court-provided form for Section 1983 claims; and (3) provide copies of his grievance forms related to his Complaint. (ECF 4). Plaintiff's deadline to comply with the Order was February 4, 2024. (*Id.*). On January 25, 2024, the Notice of Deficiency was returned as undeliverable; however, Plaintiff had filed a change of address on January 23, 2024, so the Notice of Deficiency was sent to his new address on January 25, 2024. (ECF 6). On February 28, 2024, the Notice of Deficiency again was returned as undeliverable. (ECF 7). Plaintiff has failed to respond or otherwise communicate with the Court regarding this case.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* FED. R. CIV. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The undersigned finds Plaintiff's failure to comply with this Court's January 5, 2024, Order and failure to provide the Court with a valid address warrant dismissal. Local Civil Rule LR 83.13 of the United States District Court for the Northern District of Texas requires a plaintiff to provide his current address and contact information to the Court and to keep that contact information current at all times.

## RECOMMENDATION

The United States Magistrate Judge hereby recommends that the Complaint filed by Daniel Ray Garcia (ECF No. 3) be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 15, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).